SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
MARIA ALEJANDRA MONTOYA SANCHEZ,

Plaintiff,

-against-

HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT,

Defendants.
---------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates *QUEENS* County as the place of trial.

The basis of venue is:
Plaintiff's residence located at:
62-05 Main Street Flushing,
New York 11367

**To the above named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Flushing, New York
August 12, 2024

BOBBY WALIA

**WALIA & WALIA, PLLC**
Attorneys for Plaintiff
**MARIA ALEJANDRA MONTOYA SANCHEZ**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
(718) 353-4478

Case 1:24-cv-07552-FB-VMS Document 1-2 Filed 10/29/24 Page 2 of 9 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
MARIA ALEJANDRA MONTOYA SANCHEZ,

Plaintiff,

-against-

HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT,

Defendants.
--------------------------------------------------------------------X

Index No.:
**VERIFIED COMPLAINT**

Plaintiff, by her attorneys **WALIA & WALIA, PLLC** complaining of the Defendant respectfully alleges, upon information and belief, as follows:

1. That at the time of the commencement of this action, Plaintiff **MARIA ALEJANDRA MONTOYA SANCHEZ** maintained a residence in the County of Queens, State of New York.
2. That the cause of action alleged herein arose in the County of Queens, State of New York.
3. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT**, was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.
4. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT**, was a foreign corporation, duly organized and existing under and by virtue of the laws of the State of New York.
5. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** was and is the owner and or landlord of the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.
6. That on January 22, 2024 and at all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** was and is the owner and or landlord of the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located in the borough of Queens registered with the NYC Dept. of Finance Office of The City Register bearing block #05066 and lot#0622.
7. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** was and is a tenant of the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.
8. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** was and is a lessee of the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing,

New York 11355, County of Queens, City and State of New York.

9. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** operated the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.

10. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** managed the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.

11. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** maintained the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.

12. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** controlled the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.

13. At all times hereinafter mentioned, Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** repaired the premises, appurtenances, fixtures, roofing system, entrances, passageways, and surrounding areas thereto located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.

14. Defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** is a hardware/home improvement chain store that at the time of the incident was and still is located at 131-35 Avery Avenue, Flushing, New York 11355, County of Queens, City and State of New York.

15. Venue is proper in this Court as Plaintiff resides in Queens County and Defendant is subject to personal jurisdiction in this County.

**FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT**

16. Plaintiff repeats reiterates and realleges each and every allegation in paragraphs "1" through "15"of this Verified Complaint as though the allegations were fully set forth in length herein.

17. That on January 22, 2024 and at all times herein mentioned, Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ** was lawfully upon the aforementioned premises of the defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** located at 131-35 Avery Avenue, Flushing, New York 11355.

18. That on January 22, 2024 and at all times herein mentioned, Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ** was lawfully upon the aforementioned premises of the defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** located at 131-35 Avery Avenue, Flushing, New York 11355 specifically to purchase propane gas.

19. That on January 22, 2024 and at all times herein mentioned, Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ** was at the aforementioned location being directed by an employee of the defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** in order to purchase

propane gas.

20. That on January 22, 2024 and at all times herein mentioned, Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ** was an invitee of the defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT.**

21. That on January 22, 2024, and at all times hereinafter mentioned, and upon information and belief, the plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, was at the aforementioned location with the knowledge, permission and consent of the defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT.**

22. That on January 22, 2024 and at all times herein mentioned defendant, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** owed a nondelegable duty to the Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ** to keep its passageways and entrances safe in order for her to enter or exit the premises located at 131-35 Avery Avenue, Flushing, New York 11355.

23. Defendant breached their duty "'to provide members of the general public with a reasonably safe premises, including a safe means of ingress and egress'" (Arabian v. Benenson, 284 A.D.2d 422, 422, 726 N.Y.S.2d 447, quoting Thomassen v. J & K Diner, 152 A.D.2d 421, 424, 549 N.Y.S.2d 416).

24. Defendant is vicariously liable for any negligence on the part of the workers they hired who created a hazardous condition in the walkway (see, June v. Zikakis Chevrolet, 199 A.D.2d 907, 909, 606 N.Y.S.2d 390; Thomassen v. J & K Diner, supra, at 424, 549 N.Y.S.2d 416).

25. That on January 22, 2024 and at all times herein mentioned defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** employees who created and or contributed to the hazardous condition were acting under the "scope of their employment."

26. That on January 22, 2024 and at all times herein mentioned defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** caused Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, to trip, slip and/or fall because of a slippery, hazardous snow/ice condition which was present at the aforementioned premises.

27. That the aforesaid trip, slip and/or fall and resulting injuries therefrom were due solely and wholly as a result of the careless and negligent manner in which defendants, owned, operated, maintained, controlled and repaired the aforesaid premises and the defendant failed to exercise a standard of care with regard to its aforementioned premises, without this plaintiff in any way contributing thereto.

28. The slippery, hazardous snow/ice condition was a re-occurrent condition created by a long standing leaking roof which caused water accumulation and formation of water puddles; which eventually froze creating a slippery, hazardous snow/ice condition leading to plaintiff's trip, slip and/or fall.

29.At all times hereinafter mentioned the roofing system present at the aforementioned location at the time plaintiff fell was defective.

30. At all times hereinafter mentioned the roofing system present at the aforementioned location at the time plaintiff fell was defective in that it allowed water to leak, leading to water accumulation, which under certain temperature conditions froze creating a trip, slip and/or fall hazard.

31. A recurring leak should have been noticed by the defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT.**

32. Defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** failed to adequately remove the snow and ice condition which caused plaintiff to fall.

33. Defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** had ample time to remove the snow and ice condition which caused plaintiff to fall.

34. Defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT's** attempts to remove the snow and ice condition which caused plaintiff to fall were negligent.

35. That on January 22, 2024 and at all times herein mentioned defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** caused Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, to trip, slip and/or fall because of no fault of her own but solely and wholly by reason of the negligence of the defendant, their agents, servants and or employees in that defendant, their agents, servants and or employees were careless, reckless and negligent in the ownership, leasing, operation, control, management, supervision, inspection, maintenance, repair, design, construction, placement, equipping, guarding, renovation, alteration, arranging, and conducting the aforesaid premises and/or roof, all appurtenances therein and thereto; in causing, allowing, permitting and/or creating said premises and/or floor to develop a dangerous, defective, hazardous, unsafe and trap-like condition, and to become and remain in such condition; in causing, allowing, permitting, and/or creating said roof, and walkway to be improperly designed, constructed, placed, equipped, guarded and arranged; in causing, allowing, permitting, and/or creating said roof, and said walkway location to be remain covered in rain water/moisture, snow and or ice; failing to provide proper drainage; failing to provide a roofing system compliant with the Building Code, and Property Maintenance Code of New York State; in failing to provide a roofing system that did not leak; in failing to waterproof test the roof; in failing to remove the snow and ice condition; in causing, allowing, permitting, and/or creating said roof, and said walkway location to fall into disrepair, become worn that it constituted a public and private hazard, nuisance and trap for the unaware.

In failing to design, construct, place and equip said roof in accordance with adequate and proper engineering and safety standards; in failing to consult with a licensed architect/ and/or contractor with regard to the design, construction, placement of roof at said location; in designing, constructing and placing said roof so that rain water/ moisture did not leak onto the pathway therein; in failing to make adequate and/or proper inspections and repairs to prevent the development of the aforesaid condition for the unaware, particularly for the plaintiff; in failing to warn the plaintiff that there existed a dangerous, defective, hazardous, unsafe trap-like condition on walkway and or roof at the aforementioned location; in failing to place warning signs, notice lights, barriers, ropes and/or cordons around said defective condition so as to prevent plaintiff from passing and becoming exposed to the hazards therein; in failing to properly train, supervise, and manage their employee who was directing plaintiff at the time of her fall; in failing to equip their employees with the proper tools and equipment needed to remove the snow/ice trip, slip and fall hazard, in failing to provide their employees with proper training to use tools and equipment so that the pathway did not become a slip hazard for the plaintiff; and in generally being negligent and reckless all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises.

36. That on January 22, 2024 while Plaintiff **MARIA ALEJANDRA MONTOYA SANCHEZ** was lawfully using the pathway at the aforementioned premises, she was caused to a trip, slip and/or fall and **MARIA ALEJANDRA MONTOYA SANCHEZ** sustained severe and permanent injuries.

37. The above mentioned occurrence, and the results thereof, were caused wholly and solely by the negligence of the defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** and/or said

Defendant's servants, agents, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises; and the Defendants were otherwise negligent, careless, reckless and grossly negligent in maintaining the aforementioned premises.

38. Defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** and/or said Defendant's servants, agents, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises violated the Administrative Code of the City of New York (Administrative Code).

39. That, upon information and belief, Defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** had actual notice of this defective condition for at least fifteen (15) days prior to January 22, 2024.

40. That, upon information and belief, Defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** created the aforementioned defect at the aforementioned premises which was dangerous, and caused plaintiff, **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** injuries due to their own negligence.

41. That, upon information and belief, Defendant **HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT** had constructive notice of the aforementioned hazardous condition because said condition existed for several years.

42. That no negligence on the part of the Plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, contributed to the occurrence alleged herein in any manner whatsoever.

43. That as a result of the foregoing, Plaintiff **MARIA ALEJANDRA MONTOYA SANCHEZ**, was caused to sustain serious injuries and to has suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

44. That by reason of the culpable conduct, wrongful negligent and unlawful actions of the defendant, as aforementioned, the plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, sustained serious injuries and suffered economic loss.

45. That by reason of the foregoing, the negligence and culpable conduct of said defendant, this plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, is informed and verily believes the aforesaid injuries are permanent and that she will permanently suffer from the effects of her aforesaid injuries and she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

46. That by reason of the foregoing, the plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines, and upon information and belief, the plaintiff, **MARIA ALEJANDRA MONTOYA SANCHEZ**, will necessarily incur similar expenses.

47. That this action falls within one or more of the exemptions set forth in CPLR §1602.

48. That as a result of the foregoing, Plaintiff **MARIA ALEJANDRA MONTOYA SANCHEZ**, was damaged in an amount which exceeds the jurisdictional limits of the lower courts, the exact amount to be determined at the time of trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount which exceeds the jurisdictional limits of the lower Courts the exact amount to be determined on the first

and cause of action; together with attorneys' fees costs and disbursements of this action.

Dated: Flushing, New York
August 12, 2024

Yours, etc.

WALIA & WALIA, PLLC
Attorneys for Plaintiff
**MARIA ALEJANDRA MONTOYA SANCHEZ**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
718-353-4478

To:

HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT
131-35 Avery Avenue, Flushing,
New York 11355

# INDIVIDUAL VERIFICATION

State of New York )
:ss
County of Queens )

MIHE KIM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01KI4956747
Qualified in Queens County
Commission Expires OCT/02/2025

Maria Alejandra Montoya Sanchez being dully sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

X [signature]
Maria Alejandra Montoya S

Sworn to before me this

13th day of August, 2024

[signature]
NOTARY REPUBLIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------X
MARIA ALEJANDRA MONTOYA SANCHEZ,

Plaintiff,

-against-

HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT,

Defendants.
----------------------------------------------------------------------X

Index No.:
**SUMMONS & VERIFIED COMPLAINT**

---

**SUMMONS & VERIFIED COMPLAINT**

---

**WALIA & WALIA, PLLC**
**Attorneys for the Plaintiff**
**MARIA ALEJANDRA MONTOYA SANCHEZ**
136-40 39th Avenue # 304
Flushing, New York 11354
Ph#.: 718-353-4478

---

HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT
131-35 Avery Avenue, Flushing,
New York 11355